THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RODOLFO ILDEFONSO DE LOS SANTOS, | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action** |
| | : | **No. 5:16-CV-81 (CAR)** |
| v. | : | |
| | : | |
| BRET R. RINEHART, FIELD OFFICE DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ATLANTA, GEORGIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant Bret R. Rinehart's Motion to Dismiss Plaintiff Rodolfo Ildefonso de los Santos' Complaint.  In his Complaint, Plaintiff seeks a writ of mandamus and injunction compelling Defendant to adjudicate Plaintiff's Form I-485, Application to Register Permanent Resident or Adjust Status, which Plaintiff filed with the United States Citizenship and Immigration Services ("USCIS") on April 8, 2014.  When Plaintiff filed the present action on February 19, 2016, that application was still pending.  On June 17, 2016, however, USCIS finally issued Plaintiff a written denial of his application.[1]  Defendant now moves to dismiss the Complaint as moot.  The Court agrees.

---

[1] [Doc. 11-2] at 1-2.

Article III, Section 2 of the Constitution of the United States limits the jurisdiction of federal courts to actual "Cases" and "Controversies."[2] To satisfy this requirement, a plaintiff must have suffered an actual injury caused by the defendant that is capable of redress by the court.[3] For the court to retain jurisdiction, an actual case or controversy must exist throughout all stages of the case.[4] Consequently, where subsequent events render the case moot, the court no longer has jurisdiction.[5] A case becomes moot when the plaintiff has already received the relief requested from the court.[6] Here, Plaintiff seeks a writ of mandamus compelling Defendant to adjudicate Plaintiff's application, but both parties acknowledge Defendant denied the application on June 17, 2016. "Federal courts have routinely concluded that immigration mandamus actions are moot where, as here, the agency has rendered the requested adjudication."[7] Accordingly, the action is moot. The Court **HEREBY GRANTS** Defendant's Motion to Dismiss [Doc. 11], and Plaintiff's case is **DISMISSED**.

---

[2] *Utah v. Evans*, 536 U.S. 452, 459 (2002) (citing U.S. Const. Art. III, § 2, cl. 1).
[3] *Id.*
[4] *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989) (citing *Burke v. Barnes*, 479 U.S. 361, 362-64 (1987)).
[5] *United States v. Shenberg*, 90 F.3d 438, 440 (11th Cir. 1996) (quoting *Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987)).
[6] *United States v. Beltran–Gabito,* 280 F. App'x 861, 863 (11th Cir. 2008) (unpublished decision).
[7] *Nhung Thi Tran v. Holder*, No. DKC 10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011). *See also Kaddoura v. Gonzales*, No. C06-1402RSL, 2007 WL 1174686, at *1 (W.D. Wash. Apr. 19, 2007); *Bouguettaya v. Chertoff*, 472 F.Supp.2d 1 (D. D.C. 2007).

**SO ORDERED**, this 28th day of September, 2016.

                                            <u>S/ C. Ashley Royal</u>
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT